# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH
LITIGATION                                                 MDL No. 3126

## TRANSFER ORDER

**Before the Panel:**[*] *Pro se* plaintiff in the action listed on Schedule A (*Wright*) moves under Panel Rule 7.1 to vacate the order conditionally transferring the action to MDL No. 3126. Defendant AT&T Inc. opposes the motion and supports transfer.

After considering the argument of counsel, we find that the action involves common questions of fact with the actions transferred to MDL No. 3126, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 3126 involve common factual questions concerning a cluster of data breaches that occurred on the Snowflake cloud platform from approximately April through June 2024, when a threat actor allegedly exfiltrated the personal information of over 500 million consumers and employees, including AT&T cellular customers. *See In re AT&T Inc. Cellular Customer Data Sec. Breach Litig.*, __ F. Supp. 3d __, 2024 WL 4429233 (J.P.M.L. Oct. 4, 2024). The *Wright* action involves the same factual issues concerning the breach of AT&T data on the Snowflake platform. Plaintiff does not dispute this common factual core.

In opposition to transfer, plaintiff argues that transfer would be inconvenient and inequitable based on her alleged disability and financial condition, which make travel to the transferee district impracticable. These arguments are unpersuasive. The Panel looks to "the overall convenience of the parties and witnesses in the litigation as a whole, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). In any event, because transfer is for pretrial proceedings only, there likely will be no need for plaintiff to travel to the transferee forum.[1]

Plaintiff also requests that we order AT&T to provide plaintiff a full accounting of any compromised data pertaining to plaintiff and to pay plaintiff damages. The relief requested is intertwined with a ruling on the substantive issues in the action, which is beyond the Panel's

---

[*] Judge David C. Norton did not participate in the decision of this matter.

[1] We also note that the transferee court has utilized videoconferencing for remote hearings in this litigation, and that witness depositions typically are held where the witness resides.

Case TXS/4:24-cv-03703   Document 12   Filed 04/01/25   Page 2 of 3
Case 2:24-cv-00197-BMM   Document 17   Filed 04/01/25   Page 2 of 3

-2-

authority to decide.  *See In re Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012) ("'[t]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations'") (quoting *In re Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L.1972)).

Plaintiff further requests that we rule on various procedural matters in her case – for example, denying a stay of proceedings and ordering defendant to respond to her complaint.  The Panel does not rule on the conduct of pretrial proceedings in centralized or potential tag-along actions.  It "leave[s] to the discretion of the transferee judge all issues related to the conduct of the pretrial proceedings."  *See In re Tylenol (Acetaminophen) Mktg., Sales Pracs. and Prods. Liab. Litig.*, 936 F. Supp. 2d 1379, 1380 n.3 (J.P.M.L. 2013) .

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Montana and, with the consent of that court, assigned to the Honorable Brian Morris for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
Roger T. Benitez           Dale A. Kimball
Madeline Cox Arleo

UNITED STATES OF AMERICA } ss
DISTRICT OF MONTANA

I, Tyler P. Gilman, Clerk of the United States District Court for the District of Montana, hereby certify that the above and forgoing is a true copy of the original now on file in my office.
Dated this 1st day of April 2025
TYLER P. GILMAN, Clerk
By M. Stewart

**IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION**  MDL No. 3126

## SCHEDULE A

<u>Southern District of Texas</u>

WRIGHT v. AT&T, C.A. No. 4:24−03703